SMILEY'S PLUMBING CO., INC., PLAINTIFF v. PFP ONE, INC. AND/OR PFP HOLDINGS, INC., AND ROYAL AMERICAN CONSTRUCTION OF N.C., INC., DEFENDANTS

No. COA01-1384

(Filed 21 January 2003)

**Construction Claims— subcontract agreement—summary judgment—attempt to clarify arbitration award**

The trial court did not err in an action arising out of the dispute of a subcontract agreement involving the construction of apartment complexes by granting summary judgment in favor of defendants even though plaintiff contends that an independent action may be brought to clarify an arbitration award and to determine whether the judgment in 98-CVS-874 held by defendant company against plaintiff had been satisfied, because: (1) plaintiff failed to set forth any specific facts showing there was an issue for trial as required by N.C.G.S. § 1A-1, Rule 56(e) in that the affidavits it submitted do no more than set forth its unsubstantiated allegations; and (2) plaintiff should have proceeded to move for clarification of the arbitration award under N.C.G.S. § 1-567.10.

Appeal by plaintiff from judgment entered 10 July 2001 by Judge Michael E. Beale in Cabarrus County Superior Court. Heard in the Court of Appeals 21 August 2002.

*Ferguson and Scarbrough, P.A., by James E. Scarbrough; and William C. Isenhour, for plaintiff appellant.*

*Johnston, Allison, & Hord, P.A., by Greg C. Ahlum and Jennifer McKay Patterson, for defendant appellees.*

McCULLOUGH, Judge.

Plaintiff Smiley's Plumbing Co., Inc. (Smiley's), appeals from an order granting summary judgment to defendants PFP One, Inc. and/or PFP Holdings, Inc., and Royal American Construction of N.C., Inc. This appeal was born out of a dispute involving the construction of apartment complexes between the builder, a subcontractor, and a supplier.

The Chapman family is a wealthy Florida family that owns several companies and has built over 100 apartment projects up and

down the eastern seaboard. The main Chapman company is People's First Properties, Inc. (PFP). PFP is a Florida corporation and the parent company which owns and controls most of the other Chapman companies. One of these companies is Royal American Construction Corp., another Florida corporation. PFP is the sole shareholder of Royal American of Florida.

Defendant Royal American Construction of North Carolina, Inc., was formed as a North Carolina corporation for the sole purpose of obtaining a North Carolina contractor's license to build two apartment projects in this State. This defendant is owned by Royal American of Florida, but PFP is the sole shareholder.

As for the two apartment projects planned for North Carolina, one was the Oak Crest Apartments in Kannapolis, N.C., which is located in Cabarrus County. The other project was the Stonecreek Apartments in Mooresville, N.C., which is located in Iredell County. Two limited partnerships were created by the Chapmans to own and run the apartment complexes. They were Oak Crest Apartments of Kannapolis, Ltd., and Stonecreek Apartments of Mooresville, Ltd., respectively.

The last player in the Chapman group involved in this litigation is defendant PFP One, Inc. PFP One was a Florida corporation that served as an investment company to own real estate and act as a holding company. PFP is also the sole shareholder of this company. It is to be noted that during the present litigation, PFP One was folded into another corporation named PFP Holdings, Inc.

Plaintiff, Smiley's Plumbing Co., Inc., is a North Carolina plumbing subcontractor out of Kannapolis, N.C. Plaintiff was hired by defendant Royal American of N.C., the general contractor on the two projects, to install plumbing on the two apartment projects.

The last player in this litigation, though not a party to this appeal, is Parnell-Martin Companies, LLC. Parnell-Martin is a plumbing materials supplier out of Mecklenburg County, N.C., which supplied plaintiff with all of its material needs for these two projects.

During 1997, the Oak Crest and Stonecreek projects were proceeding with construction, and plaintiff was installing the plumbing on both projects pursuant to its 19 March 1997 subcontract agreement with defendant Royal American of N.C. According to plaintiff, on 13 November 1997, defendant Royal American of N.C. unilaterally terminated the agreement between the two. Plaintiff made a demand

for payment of the services and material provided on both the projects, which was rejected. Thus, plaintiff filed a complaint in Cabarrus County against defendant Royal American of N.C., Oak Crest Apts. of Kannapolis, Ltd., and Stonecreek Apts. of Mooresville, Ltd., on 20 February 1998, (docket number 98-CVS-382), demanding payment on both projects.

While this dispute was ongoing, Parnell-Martin's bill for materials it had supplied to the projects came due. After plaintiff refused to pay for the materials, Parnell-Martin filed a complaint in Iredell County on 20 April 1998 against plaintiff, plus the same parties sued in 98-CVS-382, and a couple of banks in Florida that provided financing (docket number 98-CVS-854), demanding payment for the materials provided on the Stonecreek Project in the amount of $58,222.15, plus interest. The complaint also noted that Parnell-Martin had filed liens against the real property, the owner of the real property (Stonecreek Apartments of Mooresville, Ltd.), the funds due to Smiley's from Royal American of N.C., plus the funds due to Royal American of N.C. from Stonecreek Apts. of Mooresville, Ltd.

Parnell-Martin also filed a complaint against the same parties on 21 April 1998 (docket number 98-CVS-874) in Cabarrus County, demanding payment for the materials provided on the Oakcrest Project in the amount of $42,034.65, plus interest. As in 98-CVS-854, this complaint also noted that Parnell-Martin had filed liens against the real property, the owner of the real property (Oak Crest Apartments of Kannapolis, Ltd.), the funds due to Smiley's from Royal American of N.C., plus the funds due to Royal American of N.C. from Oak Crest Apts. of Kannapolis, Ltd.

The Chapman companies decided to rid themselves of the Parnell-Martin liens. Negotiations between Parnell-Martin, Royal American of N.C., and PFP One, Inc., began. Soon after, these parties signed a "Settlement Agreement" on 29 May 1998.

As Parnell-Martin filed separate suits as to each project, the agreement dealt with each project separately. As to the Oak Crest suit, a settlement was reached between PFP One and Parnell-Martin. PFP One was to pay Parnell-Martin the sum of $42,034.65 (the amount Smiley's owed Parnell-Martin) to purchase all of Parnell-Martin's rights and litigation claims against Smiley's involving the Oak Crest project, namely case number 98-CVS-874. Accordingly, Parnell-Martin was to assign all of such rights to PFP One, and dismiss all claims against any Chapman company and the banks, as well as withdraw all the liens on the project.

SMILEY'S PLUMBING CO. v. PFP ONE, INC.

[155 N.C. App. 754 (2003)]

As to the Stonecreek suit, a settlement was reached between Royal American of N.C. and Parnell-Martin. Royal American of N.C. was to pay Parnell-Martin the sum of $37,965.35 to satisfy all claims which Parnell-Martin had against any Chapman company in case number 98-CVS-854. Accordingly, Parnell-Martin was to dismiss the Chapman defendants from 98-CVS-854 and remove all liens on the project. Parnell-Martin's claim in 98-CVS-854 against Smiley's was for $58,222.15. The agreement noted that "[t]he remaining claim of Parnell-Martin against Smiley's Plumbing Co., Inc., is reduced by the payment of $37,965.35 made by [Royal American of N.C.]." This left $20,256.80 on Smiley's debt to Parnell-Martin in case number 98-CVS-854.

One last interesting note on the settlement agreement: Joey Chapman, was the Vice President of PFP One and the President of Royal American of N.C. He signed for both companies, and his was the only signature on the agreement from either Chapman entity.

In the suit filed by Smiley's against Royal American of N.C., et. al, 98-CVS-382, the subcontract agreement between the two parties mandated that they submit to arbitration pursuant to N.C. Gen. Stat. § 1-567 (2001) for all claims. The parties were ordered to do so on 16 September 1998 by the trial court. Subsequent to that order, but before the arbitration took place, PFP One was substituted for Parnell-Martin in the Cabarrus County suit, docket number 98-CVS-874, pursuant to the 29 May 1998 agreement, on 14 January 1999. PFP One also made a motion for summary judgment in that case. At the 4 January 1999 hearing, the motion was granted despite arguments by Smiley's that PFP One and Royal American of N.C. were similar entities and summary judgment was not appropriate because of their involvement with Royal American of N.C. in arbitration. Judgment was filed on 14 January 1999 in favor of PFP One for $42,831.52. Smiley's did not appeal.

The arbitrators heard the matter of 98-CVS-382 and made an award on 15 September 1999. The arbitrators made an award to Smiley's: $28,237.00 for the Oak Crest Project; and $11,565.40 for the Stonecreek Project. The net sum that Royal American of N.C. was to pay Smiley's came to $39,802.40. In awarding so, the arbitrators explained that:

Responsibility for controlling and administering the project was weighted against Royal American Construction Company. The project was viewed as a "troubled project" separate from the

Smiley's Plumbing problems. Neither party produced manpower, workday history, progress schedules, etc. as support of their claims of lack of performance and/or accelerated effort. The cost of the work completed by Smiley's Plumbing was viewed as a fair and reasonable cost. Both parties were viewed as having contributed to the lack of effective communication. The project was viewed as improperly planned, scheduled and administered by Royal American Construction. Smiley's Plumbing was viewed as a "difficult subcontractor" but, Royal American's process of terminating Smiley's Plumbing was questionable. Both parties allowed personal feelings to over ride [sic] sound business practices. Smiley's Plumbing failed to support its claimed amount of work completed as presented in its summary. Royal American Company had "double dipped" relative to backcharges included in its payments to Smiley's and as shown in its summary listing of backcharges. Some of the backcharges claimed by Royal American against Smiley's Plumbing were viewed as inappropriate. It was viewed that Royal American's efforts to mitigate damages after the termination of Smiley's Plumbing could have been improved. The award consists of retainage amounts due to Smiley's Plumbing on completed work as identified in documents presented by Royal American Construction during the Arbitration proceedings.

This AWARD is in full settlement of all claims and counterclaims submitted to this Arbitration.

In addition, the arbitrators included the following statement:

Royal American Construction shall provide information and/or documents within twenty calendar days to Smiley's Plumbing to satisfy the condition that no further claim by Parnell-Martin will be made against Smiley's Plumbing for monies paid to Parnell-Martin by Royal American Construction.

Of specific note in the record is Royal American of N.C.'s summary of damages for the arbitration. This statement was a laundry list of the money owed between the parties. Included in that summary was a column titled, "Parnell-Martin Settlement." This column contained two sections: a Stonecreek Project section and an Oak Crest Project section. Royal American of N.C. included the amount of $37,965.35 in the Stonecreek Project column, the precise amount that it paid to Parnell-Martin pursuant to the 29 May 1998 agreement. This amount was used as a set-off by Royal American of N.C. of the money

it owed Smiley's at the arbitration, considering that debt was actually owed by Smiley's in the first place.

In contrast, Royal American of N.C. listed nothing in the Oak Crest column, as PFP One had paid that sum to Parnell-Martin. This was reduced to judgment in 98-CVS-874. After the arbitration, PFP One executed on its $42,034.65 judgment in 98-CVS-874. The parties had a dispute as to whether the judgment in 98-CVS-874 had been satisfied by the arbitration hearing and award. Eventually Smiley's filed a motion in the cause under Rule 60 for relief from the 98-CVS-874 judgment alleging that it had been satisfied. According to Smiley's, in order to compel discovery, it withdrew its Rule 60 motion and filed an independent action on 14 February 2000. The complaint alleged that the arbitration award took into account any sums owed by Smiley's in the Parnell-Martin matter "so that all matters would be resolved." Further,

> [a]ccording to the award, no further claim would be made against Smiley's Plumbing in the Parnell Martin matter for any monies. The arbitration award was intended to be the "net" amount owed to Smiley's after taking into account the amount owed by Smiley's in the Parnell Martin matter. Royal American and PFP One both signed the settlement agreement with Parnell Martin and both knew the arbitration award meant that the judgment held by PFP One would be satisfied by the arbitration award since PFP One took the position of Parnell Martin by purchasing Parnell Martin's claim against Smiley's.

It also claimed that PFP One and Royal American of N.C. were the same entities.

PFP One and Royal American of N.C. filed their answer on 20 March 2000, essentially claiming that the arbitration had nothing to do with PFP One and its judgment and certainly didn't satisfy it.

By February 2001, PFP One had been folded into another corporation named "PFP Holdings, Inc.," and they were joined as parties by order of the trial court on 13 March 2001. Smiley's filed an amended complaint reflecting this change but alleged the same grounds for recovery. Defendants filed an answer to the same effect, along with several affidavits.

Defendants had filed a previous motion for summary judgment on 12 December 2000. On 10 July 2001, this motion was granted by Judge Michael E. Beale. Smiley's appealed.

Plaintiff assigns as error the following: The trial court erred in granting defendant's motion for summary judgment on the ground that (I) an independent action may be brought to determine whether the judgment in 98-CVS-874 held by defendant PFP Holdings, Inc., against plaintiff has been satisfied; and (II) there is a genuine issue of fact as to whether the judgment held by defendants against plaintiff has been satisfied.

———————————

Plaintiff argues that the case *sub judice* is not an attempt to clarify, modify or attack the arbitration award, rather it is an attempt to determine if the parties to this litigation had an oral agreement or understanding to consider the PFP One judgment in 98-CVS-874 satisfied.

Plaintiff is well aware that, if the present suit were viewed as a lack of clarity in the arbitration award, then the present action would be improper. The Uniform Arbitration Act, N.C. Gen. Stat. §§ 1-567.1, *et. seq.* (2001), requires a party seeking clarification of an award to apply to the arbitrators for clarification within 20 days of the award. N.C. Gen. Stat. § 1-567.10 (2001). Modification of an award can only be sought within 90 days of the award from the court that ordered the arbitration. N.C. Gen. Stat. § 1-567.14 (2001).

Plaintiff argues that it need not resort to these statutory procedures as the issue in this case is *not* about the correctness of the award but whether the parties had an independent agreement on whether the award satisfied the aforementioned judgment. Thus, plaintiff also claims it is not violating the Declaratory Judgment Act, N.C. Gen. Stat. § 1-253, *et seq.* (2001), as that Act cannot be utilized to attack a prior judgment. *See State ex rel. Edmisten v. Tucker*, 312 N.C. 326, 354, 323 S.E.2d 294, 312 (1984).

While it is not clear that the Declaratory Judgment Act can be used to determine an issue which is solely factual, we need not address that issue as this Court believes that the trial court's granting of summary judgment for defendants should be affirmed applying traditional summary judgment analysis.

Summary judgment is proper where the evidence before the court shows that there is no genuine issue of material fact and that one party is entitled to judgment as a matter of law. N.C. Gen. Stat. § 1A-1, Rule 56(c) (2001). Here plaintiff failed to set forth any specific facts showing there was an issue for trial as required by Rule

56(e) in that the affidavits it submitted do no more than set forth its unsubstantiated allegations. Thus, defendants were entitled to summary judgment as plaintiff failed to carry its burden under Rule 56(e). *See Dixie Chemical Corp. v. Edwards*, 68 N.C. App. 714, 716, 315 S.E.2d 747, 750 (1984). Plaintiff may not rest upon the allegations of its pleading to create an issue of fact, even though the evidence must be interpreted in a light favorable to the nonmovant. *Id.*; *see Page v. Sloan*, 281 N.C. 697, 190 S.E.2d 189 (1972).

The evidence submitted by plaintiff, namely the affidavit of its president and arbitrator, go to their understanding of whether the arbitration proceeding would satisfy the PFP One judgment. Such evidence does not meet plaintiff's burden of showing the understanding complained of, rather it demonstrates that plaintiff should have proceeded to move for clarification of the arbitration award pursuant to N.C. Gen. Stat. § 1-567.10 if plaintiff believed such was the case.

As we believe plaintiff failed to produce independent evidence of the alleged agreement that the PFP One judgment be considered satisfied, we agree with the trial court that plaintiff did not satisfy the requirements of Rule 56(e).

Accordingly the granting of summary judgment for defendants is

Affirmed.

Judges McGEE and BRYANT concur.